[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11700

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13 2007
THOMAS K. KAHN
CLERK

Agency No. A30-230-869

MARCELO MAXIMIANO RODRIGUES,

                                                    Petitioner,

        versus

U.S. ATTORNEY GENERAL,

                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(June 13, 2007)**

Before EDMONDSON, Chief Judge, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

        Petitioner Marcelo Maximiano Rodrigues ("Rodrigues") petitions for

review of the Board of Immigration Appeals' ("BIA") order, affirming the

Immigration Judge's ("IJ") denial of Rodrigues's application for asylum, cancellation of removal, and withholding of removal under the Immigration and Nationality Act ("INA") and the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), as well as deferral of removal under the CAT. 8 U.S.C. §§ 1158, 1229b, 1231, 8 C.F.R. §§ 208.16(c), 208.17(a). We lack jurisdiction to hear certain of Rodrigues's claims on appeal, and we find no reversible error on his other claims; we therefore deny the petition.

## I. BACKGROUND

Rodrigues, a 32-year old Brazilian native, is a permanent legal resident of the United States, having lived here since he was very young. In 2004, Rodrigues pled "no contest" to and was convicted of sale of cocaine, possession of cocaine, sale of a counterfeit drug, and possession of drug paraphanalia, in violation of Fla. Stat. Ann. §§ 893.13, 817.563, 893.147. Based on these convictions, the Department of Homeland Security ("DHS") initiated removal proceedings; and the IJ determined that Rodrigues was removable pursuant to INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii) (removal of an alien "convicted of an aggravated

2

felony at any time after admission"), and INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i) (removal of an alien convicted of a violation of any law relating to a controlled substance).[1]

Rodrigues denied removability and sought various forms of relief, including withholding of removal, cancellation of removal, and relief under the CAT. He alleged that he would be subject to persecution upon removal to Brazil because (1) he would be considered a traitor based on his long-term residence in the U.S.; (2) the police would consider him to be a drug trafficker; (3) he would be targeted for his tattoos; and (4) he did not speak Portugese. The IJ denied Rodrigues's claims for relief, concluding that Rodrigues was statutorily ineligible for asylum,[2] cancellation of removal, and withholding of removal under the INA and the CAT because his conviction for the sale of cocaine was an aggravated felony under INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B), and a "particularly serious crime" under INA § 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(B)(3)(ii). The IJ also determined that no basis existed for concluding that Rodrigues would suffer

---

[1]DHS also alleged that Rodrigues was removable pursuant to INA § 237(a)(2)(A)(ii), 8 U.S.C. § 1227(a)(2)(A)(ii) (removal of an alien convicted of two crimes involving moral turpitude), but the IJ determined that charge could not be sustained.

[2]The IJ also indicated that, because Rodrigues's application was untimely, Rodrigues was not entitled to asylum .

persecution or torture upon removal to Brazil, as required for granting deferral of removal under the CAT. See 8 C.F.R. § 208.16(c)(2), (4).

The BIA affirmed the IJ's order of removal, agreeing with the IJ's aggravated felony determination and noting that "[n]either the amount of the controlled substance nor the sale price are relevant to whether the sale of cocaine is an unlawful act." And, based on its finding that Rodrigues's participation in the drug sale was not "peripheral," the BIA also agreed that his conviction was a "particularly serious crime" precluding withholding of removal under the INA. Last, the BIA confirmed that Rodrigues was not entitled to deferral of removal under the CAT.

Rodrigues now petitions this court for review of the BIA's order, advancing four grounds of error: (1) his criminal defense counsel violated his constitutional rights by entering a plea of "no contest" on his behalf without knowing Rodrigues's alienage; (2) the BIA's determination that the drug conviction was an aggravated felony under the INA violated Rodrigues's due process and equal protection rights; (3) the BIA erred in finding that Rodrigues's participation in the drug crime was not "peripheral"; and (4) the IJ did not apply the correct legal standard in considering Rodrigues's claim for deferral of removal under the CAT.

In response, the Government argues that we lack jurisdiction to consider

Rodrigues's petition.

## II. STANDARD OF REVIEW

We review questions of our jurisdiction <u>de</u> <u>novo</u>.  <u>Gonzalez-Oropeza v. U.S.

Att'y Gen.</u>, 321 F.3d 1331, 1332 (11th Cir. 2003).  And, "[w]e review only the

BIA's decision, except to the extent that it expressly adopts the IJ's opinion."  <u>Al

Najjar v. Ashcroft</u>, 257 F.3d 1262, 1284 (11th Cir. 2001).  Our review of the

BIA's legal conclusions is <u>de novo</u>, but we will defer to the [BIA's] interpretation

of the INA if it is reasonable.  <u>Brooks v. Ashcroft</u>, 283 F.3d 1268, 1272 (11th Cir.

2002).

## III.  DISCUSSION

### A.  Jurisdiction

As an initial matter, we lack jurisdiction to consider Rodrigues's ineffective

assistance claims on his underlying criminal conviction.  This Court is not the

proper forum for such claims, and the record before us does not enable review. See Mohammed v Ashcroft, 261 F.3d 1244, 1251 (11th Cir. 2001) (noting that we cannot provide proper remedy where alien seeking to attack collaterally underlying criminal conviction). In any event, Rodrigues did not raise this claim before the BIA and thus has failed to exhaust his administrative remedies on this issue. See Fernandez-Bernal v. Att'y Gen., 257 F.3d 1304, 1317 n.13 (11th Cir. 2001) (stating that exhaustion requirement is jurisdictional).

Our jurisdiction to review Rodrigues's order of removal is otherwise limited by the REAL ID Act of 2005, 8 U.S.C. § 1252. Pursuant to section 1252(a)(2)(C), we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a [covered] criminal offense." One such offense is "a violation of . . . any law . . . relating to a controlled substance." INA § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(ii). The IJ ordered Rodrigues removed on this basis, and the BIA affirmed that order. Rodrigues does not challenge the classification of his conviction as a violation of a controlled substance law. Thus, under section 1252(a)(2)(C), we lack jurisdiction to review the entire order, except to the extent that the exception in 1252(a)(2)(D)

applies.[3]  Under that provision, we retain jurisdiction to decide only constitutional claims or questions of law.  We now turn to Rodrigues's three remaining arguments to determine whether they present legal or constitutional issues permitting our review.

## B. The Aggravated Felon Determination

Rodrigues contends that the BIA erred in concluding that he had been convicted of an "aggravated felony" under the INA – and was thus ineligible for cancellation of removal pursuant to INA § 240A(a)(3), 8 U.S.C. § 1229b(a)(3).[4] Rodrigues says the sale of 1.5 grams of cocaine for $50 cannot constitute "illicit trafficking in a controlled substance . . . including a drug trafficking crime (as

---

[3]Because subsection (C) limits our review of the entire removal order, we need not address the Government's contention that the BIA's determination that Rodrigues's drug sale conviction was a "particularly serious crime" is a discretionary decision, review of which is outside our jurisdiction under subsection (B).  See INA § 242(a)(2)(B), 8 U.S.C. § 1252(a)(2)(B) ("[N]o court shall have jurisdiction to review . . . any other decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General"). Regardless of whether the "particularly serious crime" determination is discretionary or not, we still lack jurisdiction to review it under subsection (C), except to the extent that it involves a question of law or constitutional claim.  See Petrov v. Gonzales, 464 F.3d 800, 802 (7th Cir. 2006).

[4]The BIA also concluded that Rodrigues's status as an aggravated felon made him ineligble for asylum.  But because the IJ determined that Rodrigues's application for asylum was untimely, we lack jurisdiction to review Rodrigues's asylum claim.  See 8 U.S.C. § 1158(a)(2), (3).

7

defined in section 924(c) of title 18)." INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B). We disagree.

The Supreme Court recently addressed the issue in Lopez v. Gonzales, 127 S. Ct. 625 (2006). The Court began by stating that "[t]he general phrase 'illicit trafficking' is left undefined, but § 942(c)(2) of Title 18 identifies the subcategory by defining 'drug trafficking crime' as 'any felony punishable under the Controlled Substances Act [("CSA")].'" Id. at 628. After noting a conflict "about the proper understanding of conduct treated as a felony by the State . . . but as a misdemeanor under the CSA," id. at 629, the Court concluded that "a state offense constitutes a 'felony punishable under the [CSA]'" – and thus an aggravated felony under the INA – "only if it proscribes conduct punishable as a felony under that federal law." Id. at 633.

Under the approach announced in Lopez,[5] the BIA's determination that Rodrigues's drug crimes qualify as aggravated felonies under the INA was correct. Among other things, Rodrigues was convicted of the sale of cocaine.[6] Contrary to

---

[5]The Government argues that Lopez is inapplicable because, regardless of whether Rodrigues was convicted of a "drug trafficking crime" under the CSA, his sale convictions were "illicit trafficking" crimes that qualify as aggravated felonies under the INA. We need not address this contention because we conclude that Rodrigues's drug crime would be a felony under the CSA and thus fits within the arguably narrower "drug trafficking" category.

[6]We reject Rodrigues's assertion that the record does not indicate whether his state convictions were for sale or possession of cocaine. The record shows that Rodrigues's sale and possession

8

Rodrigues's contention, this conduct is a trafficking offense under the CSA: "[I]t shall be unlawful for any person knowingly or intentionally (1) to manufacture, distribute, or dispense . . . a controlled substance." 21 U.S.C. § 841(a)(1) (emphasis added); see Lopez, 127 S. Ct. at 630 and n.4 (noting that "'trafficking' means some sort of commercial dealing" and referencing section 841 as covering trafficking offenses).

Whether such a violation is a felony or a misdemeanor under the CSA depends on the "maximum term of imprisonment authorized;" a maximum sentence of more than one year is a felony, while a lesser sentence is a misdemeanor. 18 U.S.C. § 3559(a). Section 841(b)(1)(C) sets a maximum penalty of 20 years' imprisonment for the sale of a controlled substance listed in schedule II, such as cocaine. See 21 U.S.C. § 812(c). Because the sale of any amount of cocaine is therefore "punishable" by more than one year imprisonment, Rodrigues's crime is a felony under the CSA.[7] Thus, the BIA correctly determined that Rodrigues is ineligible for cancellation of removal.

convictions were separate charges and that he was adjudicated guilty on both counts.

[7]Reference to the sentencing guidelines is also instructive, as they indicate that the sale of even a small amount of cocaine constitutes a felony under federal law. Under U.S.S.G. §2D1.1(a)(3), (c), the appropriate offense level for a drug trafficking offense involving less than 25 grams of cocaine is level 12. Even assuming a Criminal History Category of I, the recommended sentence is 10-16 months. Thus, because the "maximum term of imprisonment authorized" by the sentencing guidelines is at least 16 months, the sale of even a small amount of cocaine is a federal felony.

## C.  The "Particularly Serious Crime" Determination

Rodrigues next argues that his challenge to the BIA's "particularly serious crime" determination involves a question of law over which we retain jurisdiction. We disagree.  An alien convicted of a "particularly serious crime" is not eligible for withholding of removal under the INA or the CAT.  INA § 241(b)(3)(B)(ii), 8 U.S.C. § 1231(b)(3)(B)(ii); 8 C.F.R. § 208.16(d)(2).  The statute states that the Attorney General may determine that an alien convicted of an aggravated felony and sentenced to less than 5 years – such as Rodrigues -- has committed a "particularly serious crime."  Id.  Matters of Y-L, A-G, R-S-R-, 23 I&N Dec. 270 (A.G. 2002), indicates that "all drug trafficking offenses are per se 'particularly serious crimes' under the INA" but sets forth certain criteria that might "justify treating a particular drug trafficking crime as falling short of that standard." Rodrigues does not argue that the standard in Matter of Y-L is legally or constitutionally infirm.  Instead, he – in effect – contends that the BIA misapplied this standard; this question of application to a set of circumstances is a matter of fact and discretion, not the legal issue over which we retain jurisdiction.  See Afridi v. Gonzales, 442 F.3d 1212, 1218 (9th Cir. 2006) (stating that, under section 1252, a reviewing court "cannot reweigh evidence to determine if the

10

crime was particularly serious"); Brue v. Gonzales, 464 F.3d 1227, 1232 (10th Cir. 2006) (same); Ali v. Achim, 468 F.3d 462, 470 (7th Cir. 2006) ("We lack jurisdiction to review the BIA's exercise of discretion when the agency operates under the proper legal standard . . . [and] therefore do not address [petitioner's] argument that the BIA misapplied its own precedent . . . in its analysis of [petitioner's] offense of conviction.").

## D. Deferral of Removal under the CAT

Rodrigues asserts that the IJ wrongly applied the "more likely than not" standard for deferral of removal under the CAT. But we review the BIA's order, not the IJ's. The BIA did not expressly adopt the IJ's opinion, but stated that it agreed with the IJ's conclusion that Rodrigues had failed to meet his burden of showing that torture by the Brazilian government was "more likely than not" or a "clear probability." These statements correctly reflect an alien's burden of proof under the CAT. See 8 C.F.R. §§ 208.16(c)(4), 208.17(a); Sulaiman v. Gonzales, 429 F.3d 347, 351 (1st Cir. 2005) (" 'Clear probability' simply means 'more likely than not,' which is the correct standard for the IJ to apply to [petitioner's claims for CAT relief]."); see also INS v. Stevic, 104 S. Ct. 2489, 2498 (1984)

11

(interpreting the standard for withholding of removal under the INA – the same standard applied to requests for CAT relief , compare 8 C.F.R. § 208.16(b)(2) with id. § 208.16(c)(2) – and stating, "we do not think there is any serious dispute regarding the meaning of the clear-probability standard. . . . The question under that standard is whether it is more likely than not that the alien would be subject to persecution"). The IJ similarly articulated the correct test throughout her opinion, and her occasional use of "will" or "would" as shorthand does not establish that she applied the legal standard incorrectly. Cf. Almaghzar v. Gonzales, 457 F.3d 915, 922-23 (9th Cir. 2006) (stating correct "more likely than not" standard and then concluding that alien had not shown that he "would be tortured" if returned to native country). We lack jurisdiction otherwise to review the IJ's or BIA's application of that standard to the facts of Rodrigues's case. See Petrov, 464 F.3d at 801 (noting that the jurisdictional bar in section 1252(C) provides "no exception for arguments under the Convention" and stating that "[t]his does not mean that the Convention may be ignored; it means only that the administrative resolution of disputes about the risk a criminal alien faces in his native land is conclusive"). Thus, we must affirm the BIA's decision on this issue.

## IV. CONCLUSION

For the foregoing reasons, we lack jurisdiction to consider Rodrigues's ineffective assistance, asylum, and withholding of removal claims. And we conclude that the BIA properly applied the INA in rejecting Rodrigues's application for cancellation of removal and deferral of removal under the CAT. Accordingly, Rodrigues's petition for review of the removal order is denied.

PETITION DENIED.